CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
OCT 04 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LAUREL B. MATTICHAK, | CASE NO. 5:11CV00017 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | By: B. Waugh Crigler<br>U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's May 18, 2007 protectively-filed application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING the case pursuant to Sentence Four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings.

In a decision issued on September 9, 2009, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since April 4, 2007, her alleged disability onset date, and that she met the insured status requirements as of that date. (R. 22.) The Law Judge determined plaintiff's chronic fatigue syndrome was a severe impairment during all relevant times. (*Id.*) The Law Judge further determined that from April 4, 2007 through

February 23, 2009, plaintiff did not have an impairment or combination of impairments which met or equaled a listed impairment. (*Id.*) The Law Judge found that from April 4, 2007 through February 23, 2009, plaintiff possessed the residual functional capacity ("RFC") to perform simple, unskilled sedentary work. (R. 23.) He further found that plaintiff's impairments prevented her from working eight hours a day, five days a week, or an equivalent schedule on a continuing, sustained basis. (*Id.*) Accordingly, the Law Judge determined that, from April 4, 2007 through February 23, 2009, plaintiff was unable to perform her past relevant work, and that no other jobs existed in substantial numbers in the national economy that she could perform. (R. 24-25.) Thus, plaintiff was disabled from April 4, 2007 through February 23, 2009. (R. 25.) However, the Law Judge was of the view that plaintiff had medically improved effective February 24, 2009, and that she had regained the capacity to perform a wide range of sedentary work. (*Id.*) While this RFC precluded plaintiff from performing her past relevant work, the Law Judge found that, beginning February 24, 2009, a substantial number of jobs were available in the national economy which she could perform. (R. 27.) Thus, the law Judge found plaintiff no longer was disabled effective February 24, 2009. (R. 28.)

Plaintiff appealed the Law Judge's September 9, 2009 decision to the Appeals Council. (R. 1-3.) Though her attorney[1], plaintiff submitted additional evidence to the Appeals Council. (R. 351-373.) The Council found that the new evidence did not provide a reason for changing the Law Judge's decision, and that there was no basis in the record or in the reasons advanced on appeal to review the decision. (R. 8-9.) It denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 8.) This action ensued.

---

[1] While plaintiff was represented before the Commissioner, she has filed this action *pro se*.

2

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

Plaintiff's *pro se* brief raises numerous issues relating to the substantiality of the evidence to support the Law Judge's decision. However, the undersigned takes note that the record, itself, presents another issue concerning the Appeals Council's review of the evidence plaintiff submitted on administrative appeal. On January 3, 2011, the Appeals Council denied plaintiff's request for review. The Appeals Council stated:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(R. 2.) Since the Appeals Council denied plaintiff's request for review, the Law Judge's decision became the final decision of the Commissioner. 20 C.F.R. § 404.981. As such, this court must "review the record as a whole, including the new evidence, in order to determine whether substantial evidence support[ed] the [Commissioner's] findings." *Wilkins v. Secretary of Health and Human Services Wilkins*, 953 F.2d 93, 96 (4th Cir. 1991).

3

In that connection, "[T]he Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the [Law Judge's] decision.'" *Id.* (quoting *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)); *Stevens v. Astrue*, No. 6:09-cv-41, 2011 WL 560927, at *5 (W.D.Va. February 8, 2011). Evidence is new if it is "not duplicative or cumulative," and material "if there is reasonable possibility that the new evidence would have changed the outcome." *Wilkins*, 953 F.2d at 96. When plaintiff sought to present new evidence to the Appeals Council, she was not required to show good cause for failing to present the evidence earlier. *Id.* n.3.

Here, the new evidence before the Council consisted of medical notes from Ronald Schubert, M.D. and Norman W. Levin, M.D., two of plaintiff's treating sources. (R. 361-362, 373-374.) Dr. Schubert's note provides that plaintiff was diagnosed with chronic fatigue syndrome in 2000, and that he had been treating her since July 25, 2007. (R. 361.) The physician noted that plaintiff suffered a debilitating relapse in April 2007, and that she had a severely debilitating case of chronic fatigue syndrome which precluded her from engaging in any sustained, substantial gainful employment activity. (R. 361-362.) He opined that she was totally disabled and considered her disability to be permanent in nature. (R. 362.) He concluded that her prognosis for significant recovery was extremely guarded. (*Id.*)

Dr. Levin's note revealed that plaintiff suffered chronic fatigue immune-deficiency syndrome and chronic candidiasis. (R. 373.) Dr. Levin noted that plaintiff experienced significant cognitive dysfunction, and that her debilitating fatigue limited her to functioning a maximum of six

hours a day. (*Id.*) Dr. Levin opined that plaintiff's symptoms were incapacitating, and that she had been totally disabled since her relapse in April 2007. (R. 373-374.)

The Appeals Council did not provide a detailed written explanation of the weight, if any, it accorded the new evidence, though its summary denial of review certainly hints at its giving no weight at all to any of it. The undersigned believes this is significant because there is no question in this record that plaintiff had been determined disabled for the closed period because of the very impairments, and their effects, these treating sources found to have been become exacerbated during the relevant period. This evidence was worthy of more than summary consideration.

In reaching this conclusion, the undersigned is aware that there is a disagreement among the decisional authorities in this District, and in others within the Circuit, as to whether the Appeals Council is required to provide detailed reasons for denying review. *See Boggs v. Astrue,* No. 5:07CV10, 2008 WL 467386, *10 (N.D.W.Va February 19, 2008) (the Appeals Council is not required to explain its determination); *Davis v. Barnhart,* 392 F. Supp.2d 747, 751 (W.D.Va. 2005) (the Appeals Council was not obligated to provide reasons); *Riley v. Apfel,* 88 F.Supp.2d 572, 580 (W.D.Va. 2000) (the Appeals Council must provide more than a "scant discussion" of the evidence); *Ridings v. Apfel,* 76 F.Supp.2d 707, 709 (W.D.Va. 1999) (the Appeals Council is not required to state its rationale for denying review); *Alexander v. Apfel,* 14 F.Supp.2d 839, 843 (W.D.Va. 1998) (finding the Appeals Council must provide reasoning for its determination). However, where the evidence is submitted from a treating source, the Commissioner's own regulations, provide, in pertinent part, that "We will always give good reasons . . . for the weight we give your treating source's opinion." *See* 20 C.F.R. § 404.1527(d)(2).

5

While the Commissioner's regulations may not require the Appeals Council to give "detailed" reasons for denying review, it is the undersigned's view "no reason" falls short of a "good" reason for discounting the opinions offered by two treating sources for the first time on administrative appeal. That is to say, the Appeals Council had a duty to examine treating source evidence under the same standard required of the Law Judge, or, at the very least, remand the case to the Law Judge so that evidence could be assessed in a way consistent with the Commissioner's regulations. Good cause has been shown to remand this case for further proceedings.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING the case pursuant to Sentence Four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/
U.S. Magistrate Judge

10-4-2011
Date

6