CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

DEC 19 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LAUREL B. MATTICHAK, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:11cv00017 |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) By: Michael F. Urbanski |
| Commissioner of Social Security, | ) United States District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, who is proceeding pro se, filed this action challenging the Commissioner's decision denying her application for disability benefits after February 24, 2009. The ALJ determined that plaintiff was under a disability for a closed period from April 4, 2007 through February 23, 2009, but that medical improvement occurred as of February 24, 2009 and her disability ended. (Administrative Record, hereinafter "R.," at 25.)

On August 1, 2011, plaintiff moved for consideration of additional evidence from Dr. Ronald Schubert and Dr. Norman Levin, which had been submitted to the Appeals Council and incorporated into the record. The Commissioner filed a motion for summary judgment on August 30, 2011, asking that the Commissioner's decision be affirmed.

This matter was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The Magistrate Judge filed a report and recommendation on October 4, 2011 recommending that the Commissioner's motion for summary judgment be denied, that the plaintiff's motion be granted and that this case be remanded to the Commissioner pursuant to

sentence four of 42 U.S.C. § 405(g). No objections to the report and recommendation have been filed.

The court has considered the report and recommendation and is of the opinion that remand is appropriate in this case. As the Magistrate Judge noted, both Dr. Schubert and Dr. Levin, two of plaintiff's treating physicians, opined that she is disabled. In a letter dated September 1, 2010, Dr. Schubert stated that he had been treating plaintiff since 2007 and that she suffers from "a very long term, severely debilitating case of Chronic Fatigue Syndrome." (R. 362.) Dr. Schubert noted that plaintiff suffered a relapse of this condition in 2007 characterized by severe fatigue, mental fogginess and short term memory deficits. (R. 361.) He opined that "[h]er maximum consecutive function is 3 hours" and her prognosis is extremely guarded. (R. 361-62.) As such, he concluded that plaintiff is disabled. (R. 362.)

Likewise, Dr. Levin stated by letter dated July 23, 2010 that he had been treating plaintiff since 2008 and that she suffers from "severely disabling fatigue, lethargy, short-term memory deficits, impaired ability to concentrate, non-restorative sleep, variable anxiety; and periodic malaise, swollen glands and generalized weakness," as well as gastrointestinal symptoms. (R. 373.) Dr. Levin stated plaintiff could function for no more than 3 hours consecutively, her ability to walk and stand is limited to 20 minutes at best, and "[s]he must do sitting activities at minimal exertional levels." (R. 373.) Dr. Levin opined that plaintiff is totally disabled and has been disabled since her relapse in April 2007. (R 374.) He, too, noted her prognosis was guarded and uncertain. (R. 374.)

The ALJ did not have the benefit of these opinions from Drs. Schubert and Levin when he issued his decision on September 9, 2009.[1] In denying plaintiff's disability claim for the

---

[1] The ALJ did have the benefit of Dr. Schubert's February 10, 2009 office note, however, which is consistent with his 2010 letter opinion and states plaintiff "remains totally disabled." (R. 316.)

2

period after February 24, 2009, the ALJ relied on records from Dr. Levin that the ALJ concluded showed improvement in plaintiff's condition. (R. 24.) But in his July 23, 2010 letter submitted to the Appeals Council, Dr. Levin stated he wished to "reiterate [his] conclusion that Laurel Mattichak has Chronic Fatigue Immuno-deficiency Syndrome (CFIDS) and chronic Candidiasis, and, further, that the severity of her symptoms is incapacitating." (R. 373.) He opined that she was totally disabled and had been since 2007. This contradicts any suggestion in his treatment notes that plaintiff had improved after February 2009 such that she was no longer disabled.

This evidence from Dr. Levin as well as the opinion letter from Dr. Schubert is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991). Viewing the record as a whole, including this new evidence, the court cannot say that substantial evidence supports the Commissioner's decision to deny plaintiff's application for disability benefits after February 2009. Thus, the court adopts the Magistrate Judge's recommendation that this case be remanded for further consideration.

However, while the court agrees with the Magistrate Judge's ultimate conclusion that this case should be remanded, it does not agree with the Magistrate Judge's reasoning to the extent that it implies the Appeals Council had an obligation to provide detailed reasons for denying review. The court has held previously that the Appeals Council is not required by its regulatory scheme to provide a detailed explanation of its consideration of evidence submitted after the ALJ's decision, although its failure to deal with the evidence in a meaningful way runs the risk of remand to require the Commissioner to explicitly consider the additional evidence. See Camper v. Barnhart, No. 7:04cv00403, 2005 WL 1995446, at *5 (W.D. Va. Aug. 16, 2005); see also Freeman v. Halter, 15 F. App'x 87 (4th Cir. 2001) ("the regulation addressing additional

evidence does not direct that the Appeals Council announce detailed reasons for finding additional evidence insufficient to change the ALJ's decision."); Riley v. Apfel, 88 F. Supp. 2d 572, 580 (W.D. Va. 2000) ("the regulations do not explicitly require the Appeals Council to provide written findings with respect to any new evidence and its impact in light of the overall record"); Ridings v. Apfel, 76 F. Supp. 2d 707, 709 (W.D. Va. 1999) ("I disagree with the Magistrate Judge that the Appeals Council must give a detailed assessment of its failure to grant review in the face of the new evidence."). Indeed, remand is appropriate in this case so the Commissioner can consider the additional evidence.

Accordingly, the recommendation of the Magistrate Judge will be adopted. By separate Order entered this date, defendant's motion for summary judgment will be **DENIED**, plaintiff's motion to consider additional evidence will be **GRANTED**, and this case will be **REMANDED** to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

Entered: December 19, 2011

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge